MARY STRANGE v. J. W. AUSTIN.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SUSQUEHANNA COUNTY.

Argued March 18, 1890—Decided April 7, 1890.
[To be reported.]

(a) By § 16, act of April 9, 1849, P. L. 527, it is provided that after confirmation of the sale and execution and acknowledgment of the deed, a purchaser at an Orphans' Court sale shall have the right to obtain possession of the premises by proceeding in the same manner as provided in relation to sheriff's sales:

1. The decree confirming the Orphans' Court sale does not operate of itself to transfer the title: Leshey v. Gardner, 3 W. & S. 314; and hence the title of the heirs is not divested by such sale until the purchaser has complied with the terms of sale and received his deed for the premises purchased.

2. Wherefore, the heirs of a decedent are entitled to the rents accruing between the date of confirmation of an Orphans' Court sale and the date when the deed is delivered to the purchaser, and the payment of such rents to the purchaser is no defence to an action by the heirs therefor.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 25 January Term 1890, Sup. Ct.; court below, No. 259 November Term 1887, C. P.

On October 13, 1887, judgment was entered in the court below in favor of Mary Strange against J. W. Austin, for the sum of $100, payable in two instalments of $50 each on October 1, 1887, and February 1, 1888, respectively, by virtue of a warrant of attorney embraced in a written lease from the plaintiff to the defendant. The lease was dated March 30, 1887, and demised to the defendant a certain farm for the term of one year from its date. The sum for which the judgment was confessed, was the rent reserved by the lease, and, according to the terms thereof, it was payable in the manner specified in the judgment.

The first instalment of the judgment was collected by an execution issued on the day of its entry. On December 4, 1888, the plaintiff issued an alias writ of fieri facias for the collection of the second instalment. Thereupon the defendant, on application to the president judge at chambers, obtained an order staying proceedings upon the writ, and subsequently obtained from the court a rule to show cause why the judgment should not be opened.

Upon the hearing of the rule the following facts were made to appear by depositions taken by the respective parties, and by records offered in evidence:

William B. Strange, the husband of the plaintiff, died seised of the farm above mentioned, and the plaintiff, acting on behalf of his heirs as well as herself, demised it to the defendant as stated. On June 25, 1887, the farm was sold to D. C. Ainey by the administrator of William B. Strange, in pursuance of an order of the Orphans' Court for the payment of the decedent's debts. The terms of the sale, as fixed by the order of the court, were: 25 per cent of the purchase money to be paid in hand, 25 per cent on final confirmation, and the re-

mainder in one year, thereafter, with interest from confirmation. The administrator announced at the time of the sale that he would give possession " on the first day of April A. D. 1888, or before." Nothing was said, however, about the date of giving possession in the order or in the return of sale. The sale made to Ainey was finally confirmed on November 17, 1887. The hand payment was made by Ainey on the day of sale, but the second instalment of the purchase money was not paid by him until March 1, 1888, on which date the administrator delivered to him a deed for the property. Ainey was the only judgment creditor of the estate. He was also a general creditor.

On March 1, 1888, the defendant paid to Ainey the instalment of rent maturing that day, Ainey having previously directed him so to do.

After argument, the court, SITTSER, P. J., 44th district, specially presiding, filed an opinion which, after stating the facts and citing § 16, act of April 9, 1849, P. L. 527; Leshey v. Gardner, 3 W. &. S. 314; McRee's Est., 6 Phila. 75; Garrett v. Dewart, 43 Pa. 349; Boyd v. McCombs, 4 Pa. 146, proceeded:

The time when a purchaser is entitled to possession and to accruing rent is the same in Orphans' Court sales as in sheriffs' sales, viz., the time of delivery of the deed. The heir has a right to hold possession of the premises sold at Orphans' Court sale until the purchaser has obtained his deed. Until that event, the purchaser cannot commence proceedings to obtain possession under the act of 1849, neither can he make a lawful entry upon the land. The tenant of the heir, although in possession, has no power to sacrifice his landlord's rights. He owes him fealty and is bound to hold under him and for him until the landlord's title expires. The tenant of the heir, therefore, cannot shield himself from an obligation to pay rent, which falls due before the delivery of the purchaser's deed, by showing that he has paid it to the purchaser. He should have paid it to his landlord. The rule in this case is discharged.

—Thereupon the defendant took this appeal, specifying the order of the court refusing to open the judgment for error.

Arguments.

*Mr. E. L. Blakeslee* (with him *Mr. Wm. D. B. Ainey*), for the appellant:

1. There is a difference between sheriff's sales and Orphans' Court sales, as to the time at which the purchaser becomes entitled to the rents. The former are regulated by § 119, act of June 16, 1836, P. L. 783, and under its express provisions the rents which the purchaser has a right to, are those only which accrue subsequent to the acknowledgment of the deed. Hardenburg v. Beecher, 104 Pa. 20, and Garrett v. Dewart, 43 Pa. 342, cited by the court below, relate to the effect of a sheriff's sale, and have no application here. The common law governs Orphans' Court sales, so far as this point is concerned, and it is not the giving of the deed, but the confirmation of the sale, that vests in the purchaser a right to the rents: Burns v. Cooper, 31 Pa. 428. After confirmation the purchaser has the equitable title: Burns v. Cooper, supra; Scott on Intest. Law, 574, 578, 629; Smyth v. Neill, 1 W. N. 43; Potts v. Wright, 82 Pa. 507; Iddings v. Cairns, 2 Gr. 88; Robb v. Mann, 11 Pa. 304; Hess's App., 1 W. 255; Ferree v. Commonwealth, 8 S. & R. 313; Snodgrass's App., 96 Pa. 420. Leshey v. Gardner, 3 W. & S. 314, and McRee's Est., 6 Phila. 75, cited by the court below, appear to decide, simply, that until the deed has been made and the purchase money paid, the court still has power to strike off the confirmation, or that the confirmation alone would not convey a good title when the purchaser refuses to pay the purchase money and comply with the terms of sale.

2. Those cases, however, do not militate against the principle that, after final confirmation, the purchaser has an equitable title, and the interest of the heirs is simply a right to receive the purchase money at the hands of the court. The court has charge of the property, the sale is made by the court, and is similar, in nature and effect, to a sale under a decree in equity: Demmy's App., 43 Pa. 169; Johnson's App., 114 Pa. 139. A decree in equity conveys the title to land without deed: Wittmer v. Bauer, 14 W. N. 304; Griffith v. Phillips, 3 Gr. 381; Gratz v. Lex, 4 Brewst. 292; Taylor v. Boyd, 3 Ohio 337 (17 Am. Dec. 603). In this state, the reception of the acknowledgment of a sheriff's deed is in the nature of a judgment of confirmation, and prior thereto there is no judicial act concern-

ing the sale: Bellas v. McCarty, 10 W. 22; Thompson v. Phillips, 1 Bald. 272; s. c. 10 Pet. 472. In several of the states, where sheriff's sales are otherwise confirmed, it is held that the deed is merely evidence that the title has passed: Jones v. Mortimer, 28 La. Ann. 206. A sheriff's deed is acknowledged on a day fixed, in open court, and hence a bidder at the sale knows that he will be entitled to the rent from a certain day. If the rule be as we contend, in the case of an Orphans' Court sale, he would have the same certainty; otherwise not.

3. Moreover, the date of confirmation of a sale for payment of debts, determines the rights of creditors: Kier's Est., 27 Pittsb. Leg. J. 129; and interest on liens ceases then: Mix v. Slater, 40 Leg. Int. 350; Lang's Est., 1 Chest. Co. R. 287; Ramsey's App., 4 W. 71. Hence the purchase money is on that date applied to the debts, and the estate receives the benefit of it, whether it is then paid down or is secured with interest. In this case the purchaser was to pay interest from confirmation on one half of the purchase money. It is not alleged that the failure to pay the second instalment until the deed was delivered was due to any laches on his part. The delay of the administrator in tendering a deed cannot affect the decree of the court: Fish's Est., 14 W. N. 566; Jacobs' App., 23 Pa. 477; Breil's App., 24 Pa. 511. The terms of the sale had the same effect as though the whole purchase money was paid at confirmation, and the interest on the purchaser's judgment ceased then. In equity this rent should go to him.

*Mr. A. H. McCollum* (with him *Mr. Andrew B. Smith*), for the appellee:

The second instalment of purchase money was not paid at the time fixed by the order of the court, nor until one month after this rent became due to the heirs. The delay was caused by the purchaser's laches, and he cannot now ask redress for his own default. Again; Ainey purchased with notice that possession would be given on April 1, 1888, or before, the lease expiring March 26, 1888. He regulated the amount of his bid with reference to that notice, and had no right to demand the money from the defendant. The title of the heirs is not divested by an Orphans' Court sale, until the purchaser has

Opinion of the Court.

complied with the terms of sale and received his deed: Leshey
v. Gardner, 3 W. & S. 314; Erb v. Erb, 9 W. & S. 147; Scott
on Intest. Law, 369, 370; McRee's Est., 6 Phila. 75. In
Burns v. Cooper, 31 Pa. 426, the purchaser at a partition sale,
in which there was no reservation of the growing crop, took
actual possession before the crop was harvested. It was de-
cided, properly no doubt, that he was entitled to the landlord's
share, but the decision has no application here.

PER CURIAM:

This was an appeal from the refusal of the court below to
open a judgment entered by a warrant of attorney contained
in a lease. The premises demised were sold at an Orphans'
Court sale for the payment of debts. The sale was confirmed
November 17, 1887; subsequent to this, on February 1, 1888,
the last instalment of rent became due, and the appellant paid
the same to the purchaser; the deed was not delivered, and
the balance of the purchase money paid, until March 1, 1888.
The tenant now sets up this payment of rent as a defence to
the judgment.

The sixteenth section of the act of April 9, 1849, P. L. 527,
provides that " purchasers of real estate sold under orders of
the Orphans' Court shall, after the confirmation of the sale and
the execution and acknowledgment of the deed, have a right
to proceed to obtain possession of the purchased premises, in
the same manner as is now provided in relation to purchasers
at sheriffs' sales." In Leshey v. Gardner, 3 W. & S. 314, it
was said by Mr. Justice ROGERS: " Although the sale made
by the executor, in pursuance of an order of the court, was
confirmed, yet the title of the owner was not divested until a
deed was made to the purchaser. That a deed is required,
appears pretty plain from the act of 1834; and besides, the
purchaser is not bound to pay his money until the executor is
in a condition to tender a deed. There is nothing in the act
which gives even color to the idea that the confirmation of the
sale transfers the title."

The farm out of which this rent issued was the property of
William B. Strange. Upon his death the widow, for herself
and the heirs, leased the farm for one year to the appellant.
She was entitled to the rent until the title of the decedent had

been divested by the Orphans' Court sale. Such divestiture did not take place upon the confirmation of the sale; it was only completed by the payment of the purchase money, and the delivery of the deed. The appellant paid the rent to the wrong person, and such payment forms no defence to the judgment of the appellee.

> The order refusing to open the judgment is affirmed, and the appeal dismissed, at the costs of the appellant.