# Daniel Emerick's Estate.   Sarah E. Emerick's Appeal.

[Marked to be reported.]

*Decedents' estates—Lien of decedent's debts—Act of February 24, 1834.*

Under the act of February 24, 1834, P. L. 73, relating to the liens of decedent's debts on lands, where the lands of a decedent had been sold within five years from his death, and the sale set aside because of the purchaser's refusal to pay the purchase money, and the lands were sold a second time, after the expiration of five years from decedent's death, the decedent's simple contract creditors who had not begun suit nor done anything to extend their liens are not entitled to participate in the proceeds of the second sale, as the liens of their debts have been lost.

Argued April 23, 1895.   Appeal, No. 2, Jan. T., 1895, by Sarah E. Emerick, from order of O. C. Centre Co., dismissing exceptions to auditor's report.  Before STERRETT, C. J, GREEN, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Exceptions to the report of William Bryson, Esq., auditor to distribute the funds in the hands of Samuel A. Martin, trustee appointed by the court to make sale of the real estate of decedent for the payment of debts.

The claims presented before the auditor were as follows, viz.:

Note, Daniel Emerick in favor of John A. Schwartz, dated May 12, 1880, at one day after date, for $339, with interest, on which were indorsed the following payments: December 3, 1880, $14.52; April 27, 1881, $100, and June 11, 1881, $100. On February 12, 1890, Samuel A. Martin, trustee, paid the balance due upon this note, being $221, to John A. Schwartz at the request of John A. Emerick and Sarah A. Emerick, the administrators of decedent.

Note, Daniel Emerick and B. F. Shaffer to David Dunkle, dated March 31, 1882, at one day after date, for $200, with interest.   Nothing had been paid on account of this note in the lifetime of the decedent.   Mr. Dunkle in the latter part of the year 1888, placed this note into the hands of a bank for collection, and on the 1st of January, 1889, at the request of John A. Emerick, one of the administrators, Mr. Martin, who afterwards became trustee, paid the amount then due on said note, being $258, to Mr. Dunkle.   In March, 1888, Sarah E.

Emerick paid to Mr. Martin on account of what he had paid
to Mr. Dunkle, $100, being proceeds of rents from decedent's
real estate, and on March 31, 1888, he and John A. Emerick
gave their note as administrators to Mr. Martin for $172, be-
ing the balance with interest.

Probated account of Lyman Emerick for $192.25.   This ac-
count was for work done on the farm, and $85.00 had been
paid on account out of the personal estate.

Probated account of Dr. J. H. Huston, for medical attend-
ance, amount, $63.80.

Probated account of Solomon Peck, amount, $108.45.   This
account was paid by Sarah E. Emerick by direction of John A.
Emerick.

Balance due Sarah E. Emerick, as shown by her account
filed, and confirmed absolutely August 30, 1887, and as set out
in the petition for order to sell real estate, $2,176.31.   Mr. Mar-
tin paid Mrs. Emerick September 5, 1891, $2,000 on account of
this claim.

The auditor concluded that all of the debts of decedent had
ceased to be liens upon the fund in the hands of the account-
ant, under the provisions of the 24th section of the act of Feb-
ruary 24, 1834, and after deducting costs of audit distributed
the entire fund to the widow and heirs, to which exceptions
were filed.

The court dismissed all the principal exceptions, and decreed
distribution of the funds according to the report of the auditor,
except $225, the proceeds of the first sale of decedent's real
estate, which sum was awarded to the creditors generally.

The other material facts appear by the opinion of the Su-
preme Court.

*Errors assigned* were in dismissing exceptions to auditor's
report.

*Ellis L. Orvis, Calvin M. Bower* with him, for appellant.—
This court will reverse a decree confirming an auditor's report,
if conclusions of fact are not warranted by the facts specially
found: Milligan's App., 97 Pa. 525: Miller's App., 102 Pa.
544; Cakes's App., 110 Pa. 65; Hindman's App., 85 Pa. 466.

The orphans' court has no power to order the sale of real

estate for payment of debts, which have lost their liens: Pry's App., 8 Watts, 253; Clauser's Est., 1 W. & S. 215; Demmey's App., 43 Pa. 155.

A sale made upon debts or judgments, that are no longer liens upon the land in question, confers no title upon the purchaser at such sale: Penn v. Hamilton, 2 Watts, 58; Fetterman v. Murphy, 4 Watts, 424; Maus v. Hummel, 11 Pa. 228; Demmey's App., 43 Pa. 158; Bindley's App., 69 Pa. 295.

*Cline G. Furst, W. F. Reeder* and *Sidney D. Furst* with him, for appellee.—The order to sell the real estate, though issued within five years of the decedent's death, did not extend the limitation of the lien; and the sale to J. H. Long being after that period, the lien of the debts was gone, as against the heirs: Bindley's App., 69 Pa. 298; Demmey's App., 43 Pa. 166 Lentz's Est., 5 Pa. 103.

Had a purchaser after September 5, 1890, examined the records he would have found no action commenced within five years of the decedent's death, and no existing sale by order of the orphans' court within that period; he could with safety have purchased of the heirs, and under such circumstances a purchaser being safe, the heirs were equally safe: Bindley's App. 69 Pa. 300.

The policy of the law will not permit the heirs after what has passed before the auditor and in the orphans' court to claim the land. They are estopped by such acts in a court of record: Anderson's App., 4 Yeates, 35; Cake's Est., 157 Pa. 459.

OPINION BY MR. CHIEF JUSTICE STERRETT, January 6, 1896:

On April 26, 1885, Daniel Emerick died intestate leaving to survive him a widow—the appellant in this case—and nine children. In 1889, under an order of court for the payment of debts, the real estate of which he died seized was sold to John A. Emerick for $6,152.88, on account of which he paid $300. Having subsequently refused to pay the residue of his bid, the court in May, 1890, set aside the sale and ordered a resale of the property. Under that order, it was sold May 29, 1890, to Joseph H. Long for $1,152.88 less than it brought at the first

sale. This last sale was duly confirmed and property conveyed to Long, by whom the purchase money was paid.

The fund for distribution consisted of, (1) $300 paid by the purchaser at the first sale, less expenses etc., and (2) $4,744$\frac{50}{100}$ net proceeds of the second sale. As to the first item, there appears to be no ground for controversy. It was raised by the first sale, made within five years after the intestate's death, and while some of his simple contract debts,—which appear to have constituted his only indebtedness,—were still a lien on the land. The second item is the net proceeds of the second sale which was both ordered and made more than five years after his decease. The learned court held that, under the act of February, 1834, and decisions of this court construing the same, the debts in question had ceased to be liens on the land before the last sale, and hence the creditors of the intestate, claiming to participate in the distribution, were not entitled to do so. The fund arising from the second sale was therefore distributed to and among the widow and children of the decedent according to their respective interests in the land of which it was the proceeds. In this, we think the court was clearly right.

The 24th section of the act of February 24, 1834, declares that no debts of a decedent, unless secured by mortgage or judgment, etc., shall remain a lien on his lands after his death longer than five (now two) years, unless an action for the recovery thereof be commenced and duly prosecuted against his heirs, executors or administrators within that period, or unless a copy or particular written statement of any bond, covenant, debt or demand, when the same is not payable within that period, shall be filed in the office of the prothonotary of the county where the real estate to be charged is situate.

The "debt" must be established or admitted, and susceptible of enforcement,—not a debt barred by the statute : Chapman's Appeal, 22 W. N. C. 396. It must be an existing debt at the time of decedent's death ; claims for services thereafter rendered and expenses incurred in the settlement of his estate are not debts within the meaning of the act : Cobaugh's Appeal, 24 Pa. 143 ; proving a claim before an auditor within the five years is not commencing an action such as is required : Craig's Appeal, 5 W. N. C. 243. When part of a decedent's real estate is sold,

within the five years, under an order for the payment of debts, and a creditor proves his claim before an auditor distributing the proceeds, and is awarded a dividend thereon, this will not preserve the lien of the residue of the debt as to another part of the real estate sold more than five years after the decedent's death : Bindley's Appeal, 69 Pa. 295. An orphan's court sale for payment of debts is not complete, nor is the interest of the heirs at law divested until confirmation by the court and delivery of deed to the purchaser: Strange v. Austin, 134 Pa. 96; Greenough v. Small, 137 Pa. 132. Payment of a decedent's debts by his executor or administrator out of his own money, or assuming payment thereof and taking credit therefor, does not extend their lien upon the real estate : Craig's Appeal, supra; Clauser's Est., 1 W. &. S. 208 ; McCurdy's Appeal, 5 W. &. S. 399; Loomis's Appeal, 29 Pa. 237 ; Merkel's Estate, 154 Pa. 285.

It appears that neither of the claims on the fund in question was, or ever had been, secured by mortgage or judgment. No suit was brought on any of them before or after the intestate's death ; nor was anything done whereby their lien was extended beyond the period of five years specified in the act. In any view that can be taken of them they were not liens at the time of the last sale, and it would have been error in the court to have held otherwise.

It is unnecessary to refer to the testimony on which the learned auditor based his conclusion that appellant's claim, if ever a valid and subsisting indebtedness of her husband's estate, had ceased to be a lien long before the last sale was made or even ordered by the court. It would serve no good purpose to notice the assignments of error in detail. We find nothing in the record that would justify us in sustaining either of them. They are all dismissed.

Decree affirmed and appeal dismissed with costs to be paid by appellant.