## Levi Battersby, Appellant, v. Frank R. Castor.

*Decedents' estates—Lien of debts—Adjudication of account.*

If the lien of a debt of a decedent on land is lost before the adjudication of the executor's account, the subsequent adjudication does not charge the land with the debt.

Testator died in 1871, leaving to survive him a wife and children. The wife and B. were made executors, and were given a power of sale in the will. They sold a portion of the land. As the children came of age they conveyed their interest in the unsold portion of the land to their mother, who in 1892 sold the same to W. In November, 1886, B. filed his account as executor which was confirmed finally in 1887. The account as confirmed showed a balance in his favor of $907. In 1894 orders for writs of fieri facias and venditioni exponas were procured by B. from the orphans' court, and the land not previously sold by the executors was sold to B. for $50.00. *Held,* (1) that by the deeds from the children the mother acquired the title to the land, which B. could not defeat by the exercise of any power given by the will; (2) that the confirmation of the account did not create a lien on the real estate; (3) that whatever lien B. originally had on the land was lost at the expiration of five years from testator's death; (4) that B. was not entitled to recover the land.·

Argued March 31, 1897. Appeal, No. 73, Jan. T., 1897, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1895, No. 433, non obstante veredicto. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM and FELL, JJ. Affirmed.

Ejectment to recover a tract of land in the twenty-third ward of the city of Philadelphia.

At the trial it appeared that Benjamin Haigh died in June, 1871, leaving a will the material portion of which was as follows:

"And to such real estate as it hath pleased Almighty God to intrust me with I dispose of the same as follows, viz:

"I order and direct my hereinafter-named executors, to wit: my beloved wife, Mary Ann, and my esteemed friend, Levi Battersby, to have sole charge and the disposal of the same for the benefit of herself and my beloved children as they in their judgment may deem best; and when they should deem it for the best interest of them my said wife and children, then I order and direct them, my said executors or the survivor of them, to sell all my real estate, at either public or private sale, for the best price or prices that may reasonably be gotten for the same, and I do hereby authorize and empower my said executors, or the survivor of them, to sign, seal, execute and deliver to the purchaser or purchasers thereof good and sufficient deed or deeds of conveyance for the same in fee simple, without any liability on the part of the purchaser or purchasers thereof as to the application, non-application or misapplication of the purchase money, and the net proceeds of such sale or sales to invest in good and sufficient securities as they in their best judgment may direct, and when my youngest child shall arrive at the age of twenty-one years, then to divide all the residue and remainder of my estate to and among my beloved children, to wit: Mary Agnes, Annie, John C. and Fanny equally, share and share alike."

Other facts appear by the opinion of the Supreme Court.

The court directed the jury to find a verdict in favor of the plaintiff, stating that a point was reserved "as to whether or not the defendants had a better title to the property in dispute under the conveyance from Mary A. Maberry than the plaintiff under the sheriff's deed to him." Afterwards the court entered judgment in favor of defendants on the point reserved, non obstante veredicto, WILLSON, P. J., filing an opinion.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Jos. R. Embery*, with him *William Embery*, for appellant.— That the orphans' court had the right to make an award in favor of appellant was decided in Shollenberger's App., 21 Pa. 337. That it had the right to order the issuing of writs of fi. fa. and vend. ex. was decided in Weyand's App., 62 Pa. 198; Shollenberger's App., 21 Pa. 337. The fact that more than five years had elapsed after the rendition of the decree or judgment of the orphans' court before the fi. fa. and vend. ex. issued was immaterial: Weyand's App., 62 Pa. 198; Reber's App., 125 Pa. 20.

The final settlement and confirmation of an account is a decree: Scott on Intestate Law, 317. Until reopened by rehearing, petition, or review, or appeal, they (accounts settled and confirmed) are conclusive as against the world: Scott on Intestate Law, 317; 3 Rhone, O. C. sec. 784; Act of March 29, 1832, sec. 2, P. L. 190; Franks v. Groff, 14 S. & R. 181; M'Pherson v. Cunliff, 11 S. & R. 422; Thompson v. M'Gaw, 2 Watts, 161; Grignon v. Astor, 2 Howard, 340.

The lien of Battersby's judgment did not expire in November, 1891.

The law has not provided any means for the revival of a judgment in the orphans' court. That a fi. fa. on a decree in the orphans' court and a vend. ex. may be directed, notwithstanding more than five years have elapsed since the decree, was decided in Weyand's App., 62 Pa. 198.

All executors who qualify must join in executing a testamentary power of sale. At common law, where a testamentary power of sale was given to executors and one refused the trust, the other could not sell: 2 Williams on Executors, p. 154; Tainter v. Clark, 13 Met. 220. By statute, in Pennsylvania one executor can execute the power in case the co-executor die, renounce, or refuse to act: Act of March 12, 1800, 3 Sm. L. 433; Act of February 24, 1834, P. L. 70; Miller v. Meetch, 8 Pa. 417; Allison v. Kurtz, 2 Watts, 185.

Under the will, the real estate of decedent was a trust fund for the payment of his debts: 1 Williams on Executors, p. 782; Hartland v. Murrell, 27 Beav. 204; Bailey v. Bailey, L. R. 12 Ch. Div. 268.

*J. Howard Morrison*, with him *Joseph Ball*, for appellee.—

In this case the defendant is not bound by the decree of the orphans' court granting the writ of fi. fa. and execution thereof because neither he nor his privies in title were parties to that proceeding, and they must have never had their day in court: Seitzinger v. Fisher, 1 W. & S. 294; Sager v. Mead, 164 Pa. 125.

After the time has expired the lien is gone and the debt cannot be collected from the lands whether they be in the hands of heirs, devisees or purchasers from them: Clauser's Est., 1 W. & S. 208.

The widow and children had the right to elect to take the land as such even though the will contains an express direction to convert the land into money: Smith v. Starr, 3 Wharton, 62; Rice v. Bixler, 1 W. & S. 445; Jones v. Caldwell, 97 Pa. 42.

OPINION BY MR. JUSTICE McCOLLUM, May 31, 1897:

Benjamin S. Haigh died in June, 1871, testate, leaving to survive him, his wife and four children. By his will executed in May and proved in July of that year he appointed his wife and the plaintiff in this suit his executors with power to sell his real estate. They sold the farm, but did not deem it for the best interest of the wife and children to sell the land now in dispute. As the children came of age they conveyed their interests in this land to their mother, who on April 20, 1892 sold and conveyed the same to Allen Waters for the consideration or sum of one thousand dollars, the payment of which was acknowledged in the body of the deed, and in the grantor's receipt indorsed thereon and signed by her in the presence of two witnesses. Waters has the title thus conveyed to him, and Castor, who is in possession of the land, and against whom this suit was brought, is his tenant.

The plaintiff in November, 1886 filed in the orphans' court his account as executor, which was confirmed finally in January, 1887. The account so confirmed showed a balance in his favor of $907. On December 8, 1894, the orphans' court, on his petition, ordered that a writ of fieri facias issue for the collection of this balance. The writ was issued and returned levied on the land in question. On June 4, the same court, on the petition of the same party, ordered that a writ of venditioni

exponas issue to sell the land, and on this writ the land was sold to the plaintiff on July 1, 1895, for $50.00, and he, having received a sheriff's deed for the same, brought this action for the possession of it. He contends that by the final confirmation of his account and the proceedings had upon it, as we have detailed them, he has acquired a valid title to the land. He also contends that Waters acquired no interest in it by the deed of April 20, 1892. He seems to base the latter contention on the will which he claims vested the title to all the real estate in the executors.

It is true that the executors were authorized by the will to sell the real estate and to convey the same to the purchaser or purchasers of it. The power thus given was a discretionary power which did not, by itself, convert the realty into personalty. It was never exercised upon the land in question. A sale of this land was not deemed by the executors for the best interest of the testator's wife and children. It was not, therefore, made. It is twenty-six years since the death of the testator, and eight years past the time appointed by him for the division of the remainder of the estate among his children. After the youngest child came of age they were entitled by the terms of the will to the remainder of the estate, which was the land in suit. They conveyed their interests in it to their mother and she, as we have seen, conveyed it to Waters. By the deeds from the children she acquired a title to the land which the plaintiff, her coexecutor, cannot defeat by the exercise of any power given by the will. This title passed to her grantee by the deed of April 20, 1892. It is a valid title against the plaintiff if it was not divested by the sale on his claim against the estate.

The account shows the nature of the claim on which the land was sold. From it we learn that every item of it on the credit side, except one, was paid prior to July, 1873, and that the excepted item represents cash paid to a doctor on the 12th of March, 1884. There is nothing on the face of it to justify an inference that a single item of it was a lien on the land when it was filed. If there was a judgment against the decedent it was a lien on the farm which the executors sold to Eastburn, and was presumably paid from the proceeds of the sale of it. Presumably too, the necessary expenses of administration, in-

cluding reasonable compensation for the services of the execu-
tor, were paid from the general assets. These inferences or
presumptions are not rebutted by the account or the testimony
of the plaintiff.

The confirmation of the account did not create a lien on the
real estate. It was an adjudication that the account as stated
was correct, and that the balance shown by it was due from the
decedent's estate to the accountant. The existence of the debt
and the liability of the land for it were distinct matters. If
the lien of the debt on the land was lost before the account
which was adjudicated was filed, the adjudication did not charge
the land with it. In a suit against an executor on a note of
the decedent not barred by the statute of limitations there may
be a recovery, although the lien on the land of the debt repre-
sented by it, was extinguished by the act of February 24, 1834,
before the suit was brought. In such case the judgment
obtained in the suit is not a lien on the land.

According to the testimony of the plaintiff the balance shown
by his account represents money he loaned to the decedent and
money he paid to other creditors of the estate in satisfaction of
their claims. He therefore had the rights of a general creditor
who loses his lien on the real estate of the decedent at the
expiration of five years from his death, if the provisions of the
act of 1834 in regard to the preservation and continuance of it
are not complied with. See Smith v. Wildman, 178 Pa. 245,.
and cases cited therein.

The argument that the lien of the debts was preserved by the
will without limit as to time has nothing tangible to support it.
A sufficient answer to it will be found in Trinity Church v..
Watson et al., 50 Pa. 518.

Judgment affirmed.