## Pullinger's Estate.

*Wills—Failure of charitable bequest—Intestacy.*

Where a testor has by will directed a sale of his real estate for the specific purpose of producing a fund to pay charitable bequests named, a part of the fund intended for a bequest which fails, goes to the heirs at law as real estate, and not to the next of kin as personal property, and this is the case although the real estate was actually sold. In such a case it is immaterial whether the charitable bequest failed by reason of the death of the testator within one calendar month of the execution of the will, or whether it failed by reason of the testator failing to have his will duly witnessed as required by sec. 11 of the Act of April 26, 1855, P. L. 328.

Argued Oct. 19, 1911.     Appeal, No. 110, Oct. T., 1911, by Mary J. Britton, from decree of O. C. Phila. Co., April T., 1910, No. 423, dismissing exceptions to adjudication in Estate of Jennie R. Pullinger.     Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.     Affirmed.

Exceptions to adjudication of LAMORELLE, J.

ANDERSON, J., filed the following opinion:

The estate of the testatrix consisted of a small amount of personalty and of a house and lot No. 1519 N. 8th street, in the city of Philadelphia.     By her will she provided "In case of my death, the property 1519 N. 8th St. (now mine as sole administratrix of my dear mother, the late Amanda M. Pullinger), must be sold and the bills of the doctor and undertaker paid (also a nurse if I should have one)," and then gave various pecuniary legacies including among her legatees certain charities, and gave the residue of her estate to the Children's Homeopathic Hospital; she neglected, however, to have her will duly witnessed so that under the terms of the Act of April 26, 1855, P. L. 328, the bequests to charities became void and the residuary bequest also failed, and she there-

fore died intestate as to her charitable gifts. She left her surviving as her next of kin her half-sister, the daughter of her father, who was not, however, of the blood of the mother from whom this real estate descended, and therefore, not an heir at law with respect thereto. The heirs at law with respect to this property were certain first cousins on her mother's side. At the audit the balance of the proceeds of this real estate was claimed on behalf of the half-sister, on the ground that as the testatrix had directed the sale of her real estate, an equitable conversion thereof took place unto personalty, and it therefore descended to her next of kin. The heirs at law, however, contend that as these gifts were inoperative, no conversion of the real estate took place as to them, and that therefore the fund passed to them as real estate, and this contention was sustained by the auditing judge, on the authority of Ackroyd v. Smithson, 1 Bro. C. R. 503, and Painter v. Painter, 220 Pa. 82.

In this we think he was entirely right. The doctrine of conversion either equitable or actual is merely for the purpose of carrying out the intent of the testator. As pointed out in Ackroyd v. Smithson when that intent cannot be carried out, the purpose of the doctrine fails and the estate vests as if no such intent had been manifested and this result follows even though the failure is but a partial one and a conversion has actually taken place; that is to say, where there has been a partial failure (as by the lapse of a legacy, for example) though the real estate has been sold in order to carry out the intention of the testator in reference to other gifts, the fund descends as though no sale has been made. In Ackroyd, v. Smithson there was, as in this will, a direction to sell testator's real estate for the purpose of using the fund together with the personal estate in payment of certain legacies, and the residue, which the testator anticipated as in the present case would be more than the amount of the legacies, was given proportionately to his legatees. Two of these legatees having died in his lifetime their

legacies lapsed, and it was held by Lord Thurlow that the fund which would otherwise have gone to them, in so far as it consisted of the proceeds of real estate, vested in the testator's heirs at law as though no such conversion had been directed, the Lord Chancellor saying that he used to think "when it was necessary for any purpose of the testator's disposition to convert the land into money, that the undisposed money would be personalty, but the cases fully proved the contrary . . . . the heir must stand in the place of the residuary legatees who died as to the produce of the real estate."

That this is the doctrine of the law in this state is shown by the decision of the Supreme Court in Painter v. Painter, 220 Pa. 82, in which, while the court divided as to whether such a result would follow in case the failure was the result of something happening subsequent to the death of the testator, both the majority and minority of the court agree that Ackroyd v. Smithson is authority for the doctrine that conversion would not take place as to a fund which was lapsed at the death of the testator. That there is no distinction between lapsed and void legacies was decided in Gray's Estate, 147 Pa. 67. In Luffberry's App., 125 Pa. 513, it was held that, where a testator directs his executors to sell his real estate and divide the proceeds among charitable institutions, and the gifts to charities fail, the power to sell being unnecessary was inoperative and the land remained unconverted and descended to the testator's heirs at law.

Moreover, it will be noticed in the case at bar the language of the will shows the testatrix's direction to sell was not for the purpose of creating a fund to be distributed as personalty, but simply because she anticipated the fact that the real estate would have to be sold in order that her debts might be paid, saying that the property must be sold and the bill of the doctor and undertaker paid, and a nurse if she should have one. A sale for the payment of debts does not work a conversion. Raleigh's Est., 206 Pa. 451, and Glentworth's Est., 221 Pa. 329,

decide that when the direction to sell is merely for the convenience of distribution, as conversion never operates except to carry out the intention of the testator, it cannot alter the course of inheritance.

The exceptions are dismissed.

*Error assigned* was in dismissing exceptions to adjudication.

*H. M. McCaughey,* for appellant, cited: Ackroyd v. Smithson, 1 Brown C. R. 503; Craig v. Leslie, 16 U. S. 563; Morrow v. Brenizer, 2 Rawle, 185; Burr v. Sim, 1 Whart. 252; Evans' App., 63 Pa. 183; Davis' App., 83 Pa. 348.

*Thomas S. Lanard* and *Wm. Y. C. Anderson,* for appellees, cited: Raleigh's Est., 206 Pa. 451; State to use of Wiltbank v. Bates, 2 Harr. (Del.) 18; State to use of Derrickson v. Walter, 2 Harr. (Del.) 151; Rizer v. Perry, 58 Md. 112; Read v. Williams, 125 N. Y. 560 (26 N. E. Repr. 730); Fifield v. Van Wyck, 94 Va. 557 (27 S. E. Repr. 446); McHugh v. McCole, 97 Wis. 166 (72 N. W. Repr. 631).

OPINION BY MORRISON, J., March 1, 1912:

In our opinion the decree of the court below is right and it is fully and concisely sustained by the opinion of Judge ANDERSON of the orphans' court, and we refer to that opinion and approve its conclusions and its review of the facts.

It is true there are Pennsylvania cases, like Evans' App., 63 Pa. 183, mentioned in the opinion in Luffberry's App., 125 Pa. 513, where it has been held that where a testator directed the sale of certain real estate and the application of the proceeds to a charitable use, and the gift was void, the real estate was nevertheless converted into personalty. In those cases, however, the direction to the executors to sell the real estate was in the most positive terms, and it was the intention of the testator to

turn all his property into money as an end, rather than a means. In Luffberry's App., 125 Pa. 513, wherein the opinion of HANNA, P. J., was affirmed by the Supreme Court, we find the following:

"Much reliance was placed at the argument upon the case of Evans' App., 63 Pa. 183, as showing that not only is there a conversion directed by the will, but that the sale should be made, for the reason that the next of kin are entitled to the proceeds as personalty. But an examination of the case makes it apparent that the only question decided was whether there was an absolute conversion. The court did not decide who were the parties entitled to the moneys to be realized by the sale. In that case, too, the conversion was directed for the general purposes of the will, as READ, J., says: 'there are several legacies to be paid as well as debts, and money to be expended in the improvement of the burial lots.' In conclusion, we have only to say, that while there is a conversion directed by testator, yet, as that was for a specific purpose, which has wholly failed, there is now no necessity for a sale, the heir at law being entitled to take the land as land, and the petition must be dismissed."

If, however, there has heretofore been any doubt in cases like the one now under consideration, that doubt was settled beyond all controversy by the late case of Muderspaugh's Est., Helman's App., 231 Pa. 376, in a clear and concise opinion by Mr. Justice MESTREZAT. That case was decided since the decision of the present one by the court below. We quote its syllabus which is fully sustained by the opinion: "Where a testator has by will directed a sale of his real estate for the specific purpose of producing a fund to pay charitable bequests named, a part of the fund intended for a bequest which fails, goes to the heirs at law as real estate, and not to the next of kin as personal property, and this is the case although the real estate was actually sold."

We can see no substantial difference between that case and the present one, save only, that in the former chari-

table bequests failed by reason of the death of the testatrix within one calendar month of the execution of the will; while in the present case the charitable bequest failed by reason of the testatrix failing to have her will duly witnessed as required by sec. 11, Act of April 26, 1855, P. L. 328. Both wills were in violation of the same section of the act and the slight difference in the facts does not vary the legal principles involved. In the present case the testatrix left her surviving, as her next of kin, her half-sister, the daughter of her father who was not, however, of the blood of the mother from whom the real estate descended and therefore not an heir at law with respect thereto. At the audit the balance of the proceeds of the sale of the real estate was claimed on behalf of the half-sister, on the ground that as the testatrix had directed the sale of her real estate, an equitable conversion thereof took place into personalty, and it therefore descended to her next of kin. The heirs at law, who were first cousins on her mother's side, however, contended that as these gifts were inoperative, no conversion of the real estate took place as to them, and that, therefore, the fund passed to them as real estate, and this contention was sustained by the auditing judge, on the authority of Ackroyd v. Smithson, 1 Bro. C. R. 503; and Painter v. Painter, 220 Pa. 82, and this conclusion of the auditor was sustained by the orphans' court.

We are well satisfied with the decision of the questions involved by the court below, and, in our opinion, the assignments do not disclose reversible error, and they are all dismissed.

Decree affirmed at costs of appellant.