# Barnitz et al. *v.* Hydeman, Appellant.

*Wills—Direction to sell real estate—Life estate—Remaindermen —Election to take as real estate—Title.*

1. Where a will creating a life estate directs a sale by the executor at the request of the life tenants, and all of the life tenants, remaindermen, and devisees of deceased remaindermen, constituting all the parties in interest, elect to take the property as real estate, there is no necessity for a sale by the executor to carry out the provisions of the will, and the parties in interest can, themselves, convey a good title.

2. Where a will directs that all the testatrix's earthly possessions shall remain "untouched" for the use of three sisters and a brother, naming them, and makes certain bequests (which are void in law), to take effect after the death of the last of these, with a final gift of the remainder of her estate to her sisters and brother "to dispose of as they see fit," the surviving brother and sister and devisees of deceased sisters take a fee in all the right, title and interest in the real estate of which testatrix died possessed.

Argued May 18, 1920. Appeal, No. 300, Jan. T., 1920, by defendant, from judgment of C. P. York Co., April T., 1920, No. 182, for plaintiffs, on case-stated, in suit of Michael D. Barnitz et al. v. Leon S. Hydeman. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Case-stated to determine marketability of title to real estate. Before GILLAN, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiffs on the case-stated. Defendant appealed.

*Error assigned* was above judgment, quoting it.

*George Hay Kain,* with him *Smyser Williams* and *Richard E. Cochran,* for appellant.

*Walter B. Hays,* for appellees, was not heard.

OPINION BY MR. JUSTICE MOSCHZISKER, June 26, 1920 :

Maria C. Barnitz, a widow, died testate, August 28, 1888, seized and possessed of certain real estate, which plaintiffs contracted to sell to defendant. On a case-stated, the court below decided the vendors were possessed of and could convey a title in fee simple; the vendee has appealed.

The will in question provides as follows: "I devise unto my unmarried children and to those who remain unmarried the house and lot with the appurtenances on West Market Street, York, Pennsylvania, in which I now reside, during their lives and the life of the survivor of them. If at any time they may see fit to vacate said house and lot and desire to have the same sold, upon their executing a writing to that effect, my executors shall sell said house and lot, and the proceeds shall be equally divided among all my children or their heirs. ......All the rest and residue of my estate I bequeath and devise unto all my children or their heirs in equal shares."

Testatrix appointed her son, George A. Barnitz, and her daughter, Mary J. Barnitz, executor and executrix respectively, and letters testamentary were granted to them; in addition to those just named, she left surviving these children: Franklin H. Barnitz, Michael D. Barnitz, Anna M. Barnitz, Laura J. Barnitz, and Camilla A. Barnitz.

George married, and died September 16, 1901, testate, leaving no widow; he devised all his property to his sisters Laura, Mary, Anna and Camilla, and his brother Michael.

Franklin married, and died September 27, 1910, intestate, leaving no widow, but one child, Jonathan Barnitz, as his only heir.

Camilla died August 6, 1911, unmarried; by her will she provided, inter alia: "I direct that all my earthly possessions of whatever character, after my just debts are paid, shall remain untouched for the use of my remaining three sisters, Mary Jane, Laura Julia, Anna Maria, and my brother, Michael D. After the death of the last one of the above mentioned brother and sisters, I direct my possessions to be divided as follows: I give the Benevolent Society of York five hundred dollars; York Hospital two thousand dollars. I give to the Home for the Aged and Infirm Deaf twenty-five hundred dollars. The remainder of my estate I give to my brother and sisters, to dispose of as they see fit." The will not having been executed in the presence of subscribing witnesses, the bequests to charities failed.

Laura died June 4, 1914, unmarried and testate; she devised all her property to Mary, Anna and Michael, for their sole use, with power to sell the same if they so desired; after the death of these absolute devisees, she ineffectually provided for several bequests, and then gave the residue of her estate to Jonathan Barnitz.

Mary never married; she died September 20, 1914, testate, and gave all her "earthly possessions" to Laura, Anna and Michael, for their sole and separate use, providing that, if at any time they desired to sell the property thus devised, they were empowered to do so; then, after making certain bequests, not involving the premises with which we are concerned, she further provided: "All the remainder of my estate I give, devise and bequeath to my beloved nephew, Jonathan Barnitz."

Michael and Anna are still alive and unmarried—the sole surviving children of Maria C. Barnitz; they vacated the premises in controversy, and the nephew, Jonathan, never resided thereon. These three duly elected to take the property as real estate.

The first point raised on this appeal is (1), "May life tenants, remaindermen and devisees of deceased remaindermen" take and convey the real estate devised by Maria C. Barnitz, deceased, "where the will directs a sale by executors at the request of the life tenants." We agree with the court below that, upon the election of all parties in interest to take decedent's real estate, there exists no necessity for a sale or conveyance by her personal representatives, "in order to carry out the provisions of her will": Battersby v. Castor, 181 Pa. 555.

The next and only other question presented for determination is (2), "Where a will [that of Camilla A. Barnitz] directs all earthly possessions to remain 'untouched' for the use of sisters and a brother, and, after the death of the last of these, makes specific bequests [which are void in law], with remainder to the brother and sisters to dispose of as they see fit, may the [surviving] brother and sister, with devisees of deceased sisters, convey [testatrix's] real estate in fee by deed." As to this, it is sufficient to say we agree with the learned court below that Camilla A. Barnitz gave to her brother and sisters all her "right, title and interest" in the real estate here involved.

We concur in the final conclusion that "plaintiffs in this case have, by their deed, power to convey to defendant an absolute indefeasible estate" in fee simple.

The assignments of error are overruled and the judgment is affirmed.