542 A.2d 1388

**Richard DEMPSEY**

v.

**Madaline FIGURA, Appellant.**

Superior Court of Pennsylvania.

Submitted February 22, 1988.

Filed June 20, 1988.

348

James D. Wolfe, Johnstown, for appellant.

David J. Weaver, Johnstown, for appellee.

Before CIRILLO, P.J., and OLSZEWSKI and WATKINS, JJ.

WATKINS, Judge:

This case concerns an appeal from an order of the Orphans Court of the Court of Common Pleas of Cambria County dated October 7, 1987, which nullified a will as the product of undue influence and also decided an equity action, by which an executrix of an estate sought to have certain bonds titled in joint names declared as estate assets, in favor of the joint tenant of the bonds. The executrix of the estate has initiated the instant appeal.

Cora I. Juneman died on September 11, 1984. On April 10, 1984, the home in which she had resided for thirty years was destroyed by fire. She and her husband, Robert Juneman, then went to live with her only natural son, Richard

Dempsey. On April 25, 1984, Robert Juneman died intestate possessed of approximately $70,000 in bonds held in his name and that of Cora Juneman. In May, 1984, Cora Juneman transferred title to the bonds to herself and her son, Robert Dempsey, to hold as a joint tenancy with the right of survivorship. On August 11, 1984, physical custody of the bonds was transferred to the attorney for Madaline Figura, the executrix named in Cora Juneman's will of July 17, 1984, executed while she was hospitalized due to heart failure and deterioration of her lungs.

Cora Juneman had been hospitalized on June 6, 1984, due to her health problems. Helene Whip, sister of Cora Juneman, resides in Florida but frequently visited her sister and spent a great deal of time with her. Helene Whip disliked Richard Dempsey very much. Upon learning of her sister's hospitalization, Helene Whip prevailed upon her to execute the July 17, 1984 will by which she gave Richard Dempsey, her son, only one-tenth of her estate. Grandchildren with whom she maintained only a casual relationship would, under the terms of the will, receive the other nine-tenths of her estate. Dr. George Katter, who had treated Cora Juneman from 1961 until shortly before her death in 1984, testified that he had seen her a few days after she had executed her will on July 17, 1984 and that "she was in such a weakened condition that she could have been taken advantage of, because she was so demoralized". He stated that the loss of her home of thirty years in the fire, the death of her husband, and her deteriorating health, all occurring within a short period of time rendered her in a mental state where "she may have been influenced". Helene Whip was not mentioned in Cora Juneman's will.

After Cora Juneman was released from the hospital she went to Indiana to reside with one of her grandchildren where she died on September 11, 1984. Her will was probated on September 17, 1984.

On May 16, 1985, Richard Dempsey filed a Complaint in Equity seeking the return of the bonds after the executrix refused to turn them over to him. On March 4, 1986,

Richard Dempsey filed an appeal from Probate and the Grant of Letters Testamentary challenging the will of July 17, 1984, as the product of undue influence. The trial court consolidated the two actions for trial and, after trial was completed, ruled that the July 17, 1984 will was indeed the product of undue influence and declared it void. The court also ordered the return of the bonds to Richard Dempsey rejecting the executrix' arguments that the placing of the bonds into joint names was the product of undue influence and rejecting her argument that it was a violation of Richard Dempsey's fiduciary duties because he was the personal representative of the Robert Juneman estate. The executrix then took the instant appeal.

■ At the outset, we must acknowledge that there is an issue as to whether the executrix is a party who can take an appeal as to the probate of a will where the executrix, as here, is merely the personal representative of the estate. *Estate of Hain*, 464 Pa. 349, 346 A.2d 774 (1975). However, the grandchildren, who sought to be included in the case as additional defendants, are aggrieved parties as beneficiaries under the will. *Atlee's Estate*, 406 Pa. 528, 178 A.2d 722 (1962). Furthermore, the executrix does have the standing to take an appeal from the decision which held that the bonds, as joint property, are not assets of the estate since a personal representative does have the right to seek to include in the estate all assets which she believes form a part of the estate. See *Krick's Estate*, 342 Pa. 212, 20 A.2d 195 (1941). Because the grandchildren of the decedent who are heirs under the will possess the proper standing to appeal the will contest we will decide both actions.

■ As set forth, the will in this case was probated on September 17, 1984. Robert Dempsey's Petition to Appeal Probate was not filed until March 6, 1986. The applicable Statute of Limitation for an appeal from the probate of a will is one year. *20 Pa.C.S.A. 908.* The trial court held that it would be in the interest of justice to waive the statutory period in this case because the factual and legal issues involved in the equity action and the will contest are inextricably intertwined and because the executrix would

not be prejudiced by allowing the will challenge to proceed since there had been no distributions, accountings, conveyances, or transfers in the Cora Juneman estate. The court then went on to find that the will of July 17, 1984, was the product of undue influence. While we commend the trial court for its diligence in attempting to sort out the conflicting legal and factual issues involved in this case, we believe that the one year period in which an appeal from the probate of a will can be taken is mandatory and cannot be aside to entertain a claim of undue influence. *Estate of Colucci,* 342 Pa.Superior Ct. 349, 492 A.2d 1155 (1985); *Kirkander v. Kirkander,* 490 Pa.Superior Ct. 49, 415 A.2d 26 (1980). The only situation permitting us to set aside the statutory period for filing such an appeal occurs in cases where there has been a fraud on the court or the Register of Wills. *Kirkander v. Kirkander,* supra. No such situation occurred here. Richard Dempsey admitted that he always had believed that the will, though signed by his mother, was the product of undue influence. It was he who filed the equity action seeking that the bonds be given to him. That equity action was filed on May 16, 1985 well within the one year statutory period. Appellee could easily have filed his challenge to the will at that time. Instead he waited until March 4, 1986 to file it. The purpose of the Statute of Limitations is to set a specific limit on claims such as undue influence in order to assure a personal representative of an estate of finality and to encourage the timely, orderly and efficient administration of estates. This is an important purpose the ends of which will not be served by permitting a waiver of the statutory period in this case.

■ We hold that the filing of the equity action on May 16, 1985 does not provide a basis for excusing the late filing of the appeal from probate action by joining the latter action to the former one. Thus, we will reverse the trial court on this issue and order appellee's challenge to the will dismissed as time-barred by the Statute of Limitations.

■ Appellant's next argument is that the trial court erred in ordering that the bonds be given to Richard Dempsey as his personal property. Counsel stipulated that the

executrix bore the burden of proving that the bonds had been transferred into the names of Cora Juneman and Richard Dempsey as the product of undue influence. The trial court found that she had failed to carry that burden. We agree. Dr. Katter testified that the decedent's condition had weakened in June and July when she was in the hospital. There was nothing to indicate that her condition was such in May when she transferred joint ownership of the bonds to her only son. Furthermore, appellant's argument that the burden of proof was on Richard Dempsey to show lack of undue influence because he was the personal representative of the Robert Juneman estate is not convincing because this case concerns Cora Juneman's estate and her actions in adding Robert Dempsey's name to the bonds. As such the trial court properly held that the appellant had the burden of proving undue influence with regard to the bonds and that she failed to carry that burden.

Order is affirmed with regard to ownership of the bonds; reversed with regard to the appeal from Probate of the Will and the will of July 17, 1984, is to be probated by the Register of Wills of Cambria County.