**In re ESTATE OF Mary J. PELES, Deceased; Late Of Montgomery Township, Indiana County, Pa.**

**Appeal of: Elizabeth Tenerowicz and Teresa Klamar, Appellants.**

Superior Court of Pennsylvania.

Submitted June 1, 1999.

Filed Oct. 14, 1999.

Thomas P. Finn, Altoona, for appellants.

James K. Nicely, Indiana, for appellee.

Before KELLY, JOYCE and OLSZEWSKI, JJ.

KELLY, J.:

¶ 1 Appellants ask us to determine whether the trial court erred in affirming the decree of the Register of Wills, which refused to probate a later codicil to a will already admitted to probate. Specifically, Appellants claim that the three-month time limitation set forth in 20 Pa.C.S.A. § 3138 should not have barred probate of the later codicil. We hold that the later codicil was barred under Section 3138 of the Probate Code. Accordingly, we affirm.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On May 28, 1958, Mary J. Peles, the testatrix, executed a last will and testament. The will provided that, upon her death, her eleven children were to divide equally all of her real and personal property. The will named John Peles, her second oldest son, as executor. In September of 1970, Ms. Peles conveyed a fifty-four acre parcel of property to John in exchange for nominal monetary consideration. Thereafter, Ms. Peles dictated, to her daughter, Appellant Teresa Klamar, a codicil to the 1958 will. The codicil provided that John Peles was not to receive any additional acreage because he had already received fifty-four acres. The remaining two hundred, fifty-four acres, therefore, were to be divided equally among the decedent's ten other children. In addition, the codicil provided that the two acres containing the family home were to be reserved for the remaining unmarried children and for visiting family members to occupy. Appellant Klamar and another daughter, Catherine Peles Pangonis, who was also present, affixed their signatures as witnesses to the codicil.

¶ 3 Ms. Peles died on May 14, 1997. On June 16, 1997, her 1958 will was submitted for probate. Following admission of the 1958 will to probate, the 1971 codicil

was discovered in the personal effects of Catherine Peles Pangonis.[1]

¶ 4  Fourteen months after the decedent's death and thirteen months after the 1951 will was submitted for probate, a petition to probate the later codicil [2] was filed, on July 17, 1998, with the Register of Wills. The petition was accompanied by an oath of two subscribing witnesses attesting to the authenticity of the decedent's signature on the codicil.[3] Pursuant to 20 Pa.C.S.A. § 3138, the Register deemed the petition untimely filed and denied admission of the codicil to probate. On September 24, 1998, Appellants filed an appeal of the Register's decision to the Court of Common Pleas, Indiana County.[4] On November 13, 1998, the trial court affirmed the decision of the Register. This timely appeal followed.

¶ 5  On appeal, Appellants raise the following issues for our review:

DID THE [TRIAL] COURT ERR AS A MATTER OF LAW IN AFFIRMING THE DECREE OF THE REGISTER OF WILLS DENYING PROBATE OF A LATER CODICIL ON THE BASIS THAT THE PETITION WAS TIME BARRED BY SECTION 3138 OF THE PROBATE CODE [?]

(Appellants' Brief at 3).

██ ¶ 6  Our standard of review is extremely narrow:

Our review in [a will contest] is limited to determining whether the findings of fact approved by the court...rest on legally competent and sufficient evidence, and whether an error of law has been made or an abuse of discretion committed. It is not our task to try the case anew. The rule is particularly applicable 'to findings of fact which are predicated upon the credibility of witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony.' (citations omitted).

*In re Estate of Simpson*, 407 Pa.Super. 1, 595 A.2d 94, 98 (1991), *appeal denied*, 529 Pa. 622, 600 A.2d 538 (1991) (citing *In re Estate of Bankovich*, 344 Pa.Super. 520, 496 A.2d 1227, 1229 (1985)). *Accord In re Estate of Harrison*, 456 Pa.Super. 114, 689 A.2d 939, 942–43 (1997) (quoting *In re Estate of Inter*, 444 Pa.Super. 417, 664 A.2d 142, 144–45 (1995)).

██ ¶ 7  Appellants assert that the trial court erred as a matter of law when it affirmed the Register of Wills' decision, refusing to admit to probate the June 14, 1971 codicil to the 1958 will. Appellants argue that the time limitations set forth in Sections 3138 and 908 of the Probate Code should not be strictly construed. Instead, Appellants maintain that the Code should be interpreted liberally to effectuate the intent of the decedent. Appellants contend that a rigid application of Sections 3138 and 908 will result in thwarting the decedent's intent. Appellants conclude that the three-month statutory time limit should be waived, the decision of the trial court should be reversed, and the Register of Wills should be directed to probate the codicil. We disagree.

██ ¶ 8  Pennsylvania law governing statutory construction is well settled.

Our object is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S.A. § 1921(a). When the language of a statute is clear and unam-

---

1.  Ms. Pangonis died on April 22, 1996.

2.  The original petition refers to the later writing as a later will; however, all other documents refer to it as a codicil. There is no dispute between the parties that the later writing is a codicil to the will dated May 28, 1958. *See* Trial Court Opinion, dated November 13, 1998 at 2.

3.  Appellants concede that two cash distributions, which total approximately $6,000.00, have been made to each of the decedent's children.

4.  On September 24, 1998, Appellants also filed a petition for a rule to show cause why John Peles should not be removed as executor of testator's will. On November 13, 1998, the trial court denied Appellants' petition.

biguous, it must be given effect in accordance with its plain and common meaning. 1 Pa.C.S.A. § 1921(b); *Commonwealth v. Burnsworth*, 543 Pa. 18, 24, 669 A.2d 883, 886 (1995). In attempting to ascertain the meaning of a statute, we must consider the intent of the legislature and examine the practical consequences of a particular interpretation. *Commonwealth v. Davis*, 421 Pa.Super. 454, 458–60, 618 A.2d 426, 428 (1992), *appeal denied*, 535 Pa. 630, 631 A.2d 1004 (1993). We presume the legislature did not intend a result that is absurd and unreasonable. *Id.* In construing legislative intent, this Court may look to the occasion and necessity of a statute, the circumstances in which it was intended, the mischief to be remedied, the object to be attained by the law, former law on the same subject and the consequences of a particular interpretation. *Id.*

*Saunders v. Jenkins*, 717 A.2d 561, 563 (Pa.Super.1998); *Bamber v. Lumbermens Mutual Insurance Casualty Company*, 451 Pa.Super. 548, 680 A.2d 901, 904 (1996).

■ ¶ 9 Section 3138 of the Probate Code provides, in pertinent part, as follows:

### § 3138. Later will or codicil

If a later will or codicil is submitted to the register for probate **within three months of the testator's death** but after the register shall have probated an earlier instrument, the register, after such notice as he deems advisable, but with at least ten-days' notice to the petitioner who presented the probated instrument if he has not requested probate of the later will or codicil, shall

have power to open the probate record, receive proof of the later instrument or instruments and amended his probate record.

20 Pa.C.S.A. § 3138. Section 3138 of the Probate Code empowers the Register of Wills to open the probate record in instances where a later will or codicil has been submitted to the Register within three months of the testator's death, even if an earlier will has already been submitted for probate. *Id.* Section 908 of the Probate Code allows one year for an appeal by any party in interest who is aggrieved by a decree of the register. However, in matters of probate, the expiration of the statutory time limitations generally bars probate of a later will or codicil. *See, e.g., Dempsey v. Figura*, 374 Pa.Super. 347, 542 A.2d 1388, 1390 (1988) (reiterating that one-year period in which appeal from probate of will can be taken is mandatory, except where appeal occurs in such cases as fraud on court or Register of Wills).

■ ¶ 10 In the instant case, the petitioners submitted the later codicil to the Register of Wills fourteen months after the decedent's death. Notwithstanding the fact that the petitioners claim provable intent with respect to the later codicil, they presented the codicil outside the three-month statutory limit set forth in Section 3138. Thus, we conclude that the Register of Wills was bound by the three-month time limit of Section 3138 and could not open the probate record to admit the later codicil.[5]

¶ 11 In support of their position that an exception should be made to admit the later codicil to probate, Appellants rely on

---

**5.** The one-year period for an appeal from probate of a will, provided in Section 908 of the Probate Code, does not govern the time period in which to submit a later codicil for probate. The three-month time limit applicable to submission of a later will or codicil is found in Section 3138 of the Probate Code. In the instant case, Appellants' appeal to the trial court from the decree of the Register, denying

probate of the later codicil, was timely under Section 908, as it was filed within one year of the decree. However, Appellants have failed to explain their initial fourteen months' delay in submitting the codicil for probate. Although their appeal may have been timely, Appellants' initial submission of the later codicil was not timely.

*In re Dietz's Will*, 14 Pa. D. & C. 4th 392 (York 1991). In *Dietz, supra*, the trial court construed Section 3138 of the Probate code to allow admission of a later-discovered codicil. The *Dietz* court decided to admit the codicil to "give effect to the provable intent of the testator." *Id.* at 396. The *Dietz* court reasoned that admission of a valid codicil is not barred by any time limitation, where no distributions have been made that could be affected by the codicil. *Id.*

¶ 12  In the instant case, the trial court reasoned as follows:

> If we were to follow the holding in *Dietz, supra*, and ignore the statute of limitations set out in § 3138, ... the three-month ... time limit would be merely illusory and a codicil could be admitted to probate at any time. To illustrate—a petitioner could wait three (3) years after the death of the testator and probate of a will and file a petition to amend probate and admit a later-discovered codicil. This would be denied because it is past the three-month limitation period. The petitioner could then appeal the denial within one year of **that** decision (now four years after the original probate) and ask the court to ignore the three-month limit. If the court did so, the probate record would be opened and the codicil would be probated. Thus, the petitioner effectively destroyed the time limits set out in § 3138.... This Court does not believe that was the intention of the legislature.

*See* Trial Court Opinion, dated November 13, 1998 at 4 (emphasis in original). Here, the later codicil was submitted for probate fourteen months after the decedent's death. Absent some extraordinary circumstances, we must agree with the trial court that arbitrary disregard for the three-month time limitation set forth in

the statute would render it superfluous. The language of Section 3138 of the Probate Code is unambiguous and the ordinary meaning of its words are binding. *See Saunders, supra*.

¶ 13  We also note that the 1971 codicil was known to exist by Appellant Klamar, to whom it allegedly had been dictated. Further, she knew that her deceased sister had possession of the 1971 codicil. Yet, she did not bring this information to the attention of the court until well after the statutory deadline. Moreover, Appellants concede that two cash distributions, totaling approximately $6,000.00, have been made to each of decedent's eleven children. Thus, the factual situation in the present case differs from *Dietz*, as the decedent's estate has already made distributions that may well be affected by the later codicil.[6] Therefore, we conclude that the present case is not an appropriate set of facts to support the dispensation of the statutory three-month time limitation.

¶ 14  Based upon the foregoing, we hold that the trial court properly denied Appellants' requested relief. The three-month time limitation set forth in 20 Pa.C.S.A. § 3138 barred probate of the later codicil in this case. Accordingly, we affirm the November 13, 1998 order of the trial court.

¶ 15  Order affirmed.

---

6. In any event, the *Dietz* case is not binding on this Court. Hence, we decline to apply its holding in this case.