# In re Estate of Williams

C.P. of Philadelphia County, O.C. No. 928 AP of 2013

HERRON, *J.*, April 21, 2014—

## Introduction

The appeal filed by the grandchildren of Jonelle Williams, deceased, to the November 6, 2012 decree of the Register of Wills that admitted an undated will to probate raises the issue of whether an undated will is invalid where no later or alternative will is presented for review. For the reasons set forth below, the petition is denied without prejudice until such time as a later will has been located and presented for review.

## Background

Sarah Williams, Keturah Williams and Iymaan Williams, three grandchildren of decedent Jonelle Williams, filed a petition to invalidate an undated will that had been probated, to compel production of decedent's last will dated June 3, 1991 and to vacate the order of the Register of Wills that appointed Mary A. Shell, as administratrix, c.t.a. A hearing was held on this petition, where none of

the parties were represented by counsel despite the subtle legal issues raised.

The undated will that was admitted to probate by the register's decree dated November 6, 2012 divides Ms. Williams's estate equally among her children: Samuel Thomas, Joseph Williams, David Williams, Joanne Williams and Mary Shell except for property located at 6102 Oxford Street.[1] Joseph Williams, the petitioners' father, is deceased. The undated will names the eldest child of Jonelle Williams, who was Samuel Thomas, as executor. According to petitioners, however, Samuel Thomas predeceased his mother who died on March 13, 2010 and could not assume the responsibilities as executor. Instead, Letters of Administration C.T.A. were granted to Mary Shell, the decedent's daughter.

The petitioners attached a copy of the undated will to their petition, but did not attach a purported later will. Rather they claim generally that there is a "later" 1991 will based on the petition for grant of letters of administration that was filed with the Register of Wills by Mary Shell. This Register of Wills petition, however, contains conflicting information as to the identity of the will — or wills — presented for probate. Page 1 has a typed entry for a "6/3/1991" will but there is also a handwritten notation for an "undated will." Page 2 lists only the following handwritten notation concerning an "undated will":

And Now, 6th November, 2012, in consideration of the foregoing Petition, satisfactory proof having been presented before me, IT IS DECREED that Letters

---

1. The undated will provides that this property is not to be sold so long as Joanne Williams remains single and resides there. If Joanne marries or moves out, then it may be sold and the named heirs would share equally in the proceeds.

Administration c.t.a. are hereby granted to Mary Shell, Administratrix-CTA in the above estate and (if applicable) that the instrument(s) dated UNDATED WILL (i.e. handwritten) described in the petition be admitted to probate and filed of record as the last Will (and Codicil(s)) of Decedent.

On March 11, 2014, a hearing was held before this court on the petition. Unfortunately, all the parties were unrepresented by counsel. Because the legal issues raised by the petition are complex and subtle, this court carefully advised those present on the advantages of being represented by counsel. Throughout the hearing, Mary Shell testified credibly that she had no knowledge of any 1991 will and that the only Will she had seen was the undated will that had been admitted to probate.

Petitioners argue broadly that the undated will is invalid because the 1991 will noted in the register's petition for grant of probate is an after discovered will. More specifically, petitioners assert: "petitioners believe that Mrs. Shell fraudulently obtained administratrix, c.t.a., of the decedent's estate by probating the undated Will which had been superseded and nullified by the decedent's last Will believed to be dated June 3, 1991." 7/29/13 Petition, ¶10. Where a petition claims that a more recent will has been discovered after the probate of an earlier will, the role of the Orphans' Court is very limited. It is well established that a party who asserts that she has found a later executed will or codicil has the burden of proving that such will was properly executed and that it was executed more recently than the will she is challenging. *Snyder Will*, 29 Fid. Rep.2d 187, 188-89 (Franklin Cty. O.C. 2008). *See generally Lohr Estate*, 35 Pa.D. & C.2d 311 (Adams Cty. O.C. 1964). If the petitioner sustains this limited burden of proof, the Orphans' Court is then required to remand

the matter back to the Register to determine whether this after discovered will should be admitted to probate:

> Our responsibility, at this time, is therefore a limited one. Our function is to ascertain whether the notations in question appear, prima facie, to be testamentary in character. If they are not, there is obviously no merit to the appeal. If, on the other hand, we conclude that they are testamentary, we cannot direct that they be admitted to probate. We can only open the decree of probate to enable the register to receive and act upon the questioned writings.

> *Steiger Estate*, 16 Pa. D. & C. 2d 79, 83 (Phila. O.C. 1958) (Klein, P.J.)[2]

Under this narrow test, the petitioners have the initial burden of presenting at the very least the later will, codicil or writing that they contend should be admitted to probate. In this case, they did not come close to meeting their burden. The only testamentary document that the petitioners present in support of their petition is the undated will that was admitted to probate. They surmise that there was a later will based on petition for grant of letters that was filed by Mary Shell with the register of wills that indicates there was a will dated June 6, 1991 as well as the undated will that was admitted to probate.[3] During the hearing, however, Mr. Shell testified convincingly that she had no knowledge of any 1991 will. There is therefore

---

2. There is also precedent that imposes a time limitation under 20 Pa.C.S. §3138 for opening the probate record to admit a later discovered will or codicil. *See Estate of Peles*, 739 A.2d 1071 (Pa. Super 1999); *LaBar Will*, 28 Fid. Rep. 2d 268 (Monroe Cty. O.C. 2008). *But see Snyder Will*, 29 Fid. Rep. 2d 187 (Franklin Cty. O.C. 2008)(time limitations of 20 Pa.C.S. §3138 apply only to register of wills and "does not diminish the power of a court to hear a timely appeal concerning a later will or codicil" under 20 Pa.C.S. § 908).

3. 7/29/13 Petition, ¶6.

nothing of record to support the petitioners' dual claim that such a will existed and that it was later than the undated will admitted to probate. For these reasons, the petition shall be dismissed without prejudice until such time as the petitioners can present for review a later will or codicil.

In making this ruling, it is important to emphasize that the undated will would not be invalid *per se* merely because it is undated. On the contrary, there are numerous cases that hold that a will is valid even if undated so long as it evidences a testamentary intent and is signed by the "testator." *See generally In re Hengen's Estate*, 337 Pa. 547, 12 A.2d 119 (Pa. 1940)(undated codicil properly admitted to probate); *Dietz Estate*, 14 Pa. D. & C. 4th 392, 397-98 (York Cty. 1991)(undated codicil is valid testamentary document); *Crooks Estate*, 12 Pa. D. & C. 2d 570 (Delaware Cty. O.C. 1957)(dicta noted that undated will was the valid, later will); *Erney Estate*, 85 Pa. D & C 349 (York Cty. O.C. 1953)(undated will is deemed valid). The undated will in this case is clearly testamentary in bequeathing Jonelle Williams's property to her children as heirs. It is also signed by her.

As a practical matter, the real dispute in this case focuses on the distribution of the assets in the decedent's estate. At the hearing, for instance, Ms. Shell noted that she had been given conflicting legal opinions as to whether the decedent's grandchildren were heirs. The language of the will admitted to probate is arguably ambiguous as to whether estate assets should be distributed to the children of Ms. Williams's deceased named heirs. While the will states that Ms. Williams bequeathed all of her estate to "Samuel H. Thomas, Joseph M. Williams, David Williams Jr., Joanne L. Williams and Mary A. Shell," it provides in paragraph third:

If any of my named heirs should predecease me then their share shall go the surviving heirs.[4]

That thorny issue or dispute as to distribution can only be resolved after the executrix files an account of the assets in the estate, and a statement of how she proposes to distribute them. Once the account is filed, the petitioners will have an opportunity to file objections. If necessary, a hearing could then be scheduled to resolve this complex issues. In light of the complexity of those issues, all parties are urged to obtain the assistance of counsel.

## Conclusion

The petition to invalidate the undated will is denied without prejudice to file a petition that attaches a later will or codicil for review. It is further ordered that Mary Shaw, as administratrix, is ordered to formally file an account of her administration of the estate of Jonelle Williams with the office of the clerk of Orphans' Court, Room 415, City Hall, Philadelphia, within 30 days of the simultaneously issued decree.

---

4. 7/29/13 Petition, ex. (Undated will).