J-A29034-22

2023 PA SUPER 43

| IN RE: ESTATE OF KATHRYN V. RUHLMAN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: DIANE C. RUHLMAN | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 642 WDA 2022 |

Appeal from the Order Entered May 16, 2022,
in the Court of Common Pleas of Mercer County,
Orphans' Court at No(s):  No. 2022-098.

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

OPINION BY KUNSELMAN, J.:                    **FILED: MARCH 16, 2023**

Diane C. Ruhlman, Administrator C.T.A. of the Estate of Kathryn V. Ruhlman, appeals from the orphans' court's refusal to probate an after-discovered will as untimely.  Upon review, we reverse.

The orphans' court made the following findings of fact:

Petitioner Diane C. Ruhlman is the adult stepdaughter-in-law of decedent, Kathryn V. Ruhlman ("Decedent").  Decedent died on December 18, 2021.  After Decedent's death, Petitioner gathered Decedent's personal effects from her room at Greystone Estates.  Among these personal effects was a Last Will and Testament executed by Decedent on March 23, 1990 ("1990 Will").  Petitioner presented the 1990 Will for admission to probate on February 4, 2022.  Letters of Administration C.T.A. were granted to Petitioner by the Register of Wills of Mercer County, Pennsylvania on February 4, 2022.  On March 22, 2022, Petitioner discovered another Last Will and Testament of Decedent in a safe deposit box Decedent had at a bank, which second Will was executed by Decedent on October 25, 2000 ("2000 Will").  The Court finds the Petitioner's testimony credible.  The Court finds that Petitioner was unaware of the existence of the 2000 Will until she gained access to the safe deposit box, and it was inventoried. The Office of the Attorney General, appearing *parens patriae* and contesting

the petition, does not dispute the facts but rather argues the applicable law as discussed below. The petition presently in front of the Court [which sought to have the 2000 Will probated instead of the 1990 Will] was filed on April 5, 2022, which is 14 days after the discovery of the 2000 Will, and three months and 18 days after decedent's death.

Trial Court Opinion, 5/16/22, at 1-2 (formatting altered).

Notably, in the 1990 Will, Decedent gave all her estate to her husband, Carl V. Ruhlman, unless he pre-deceased her, in which case she gave her estate as follows: one-third to St. Paul Homes[1] and two-thirds to her stepchildren, Faye D. Shaw and Ronald L. Ruhlman in equal shares. In 1999, Decedent's husband died; she survived him.

In the 2000 Will, however, Decedent gave all her estate to her stepchildren, Faye D. Shaw and Ronald L. Ruhlman, *per stirpes*. No bequest was made to St. Paul Homes.

Ruhlman filed a petition to the orphans' court to probate the 2000 Will. The orphans' court treated this petition, which was filed directly with the court and not the Register of Wills, as an appeal challenging the validity of the previously probated 1990 Will. Following a hearing, the orphans' court concluded that the petition was untimely and denied Ruhlman's request to probate the after-discovered, 2000 Will.

_____

[1] St. Paul Homes' interest in this matter is represented by the Attorney General of the Commonwealth Pennsylvania.

Ruhlman filed this timely appeal. Ruhlman and the orphans' court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Ruhlman raises the following single issue for our review:

When the Administrator [C.T.A.], 61 days after probate of the first-discovered will, petitions under 20 Pa.C.S. Section 908 (appeal from probate authorized if filed within one year from probate of the earlier will) to probate a valid after[-]discovered and later-dated will, does the Orphans' Court err as a matter of law by involving 20 Pa.C.S. Section 3138 (register authorized to admit to probate a later will when presented within 3 months of testator's death) and denying the petition on the ground it was filed 109 days after the decedent's death, thereby frustrating testator's intentions as expressed in the later will?

Ruhlman's Brief at 5.

Ruhlman argues that the orphans' court committed an error of law by applying section 3138 of the Probate Code instead of section 908 in the instant matter and concluding that Ruhlman's petition to probate the after-discovered, 2000 Will was untimely. By doing so, she claims the court thwarted Decedent's clear intention to revoke her 1990 Will and distribute her estate under her 2000 Will, deemed by all as valid in every respect. Ruhlman's Brief at 8, 10-11.

Our standard of review in this matter is as follows:

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. The Orphans' Court decision will

not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (citations and quotation marks omitted).

Two sections of the Probate Code are relevant to this appeal. First, section 908 provides:

> Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree . . . .

20 Pa.C.S.A. § 908(a).

Second, section 3138 provides:

> If a later will or codicil is submitted to the register for probate within three months of the testator's death but after the register shall have probated an earlier instrument, the register, after such notice as he deems advisable, but with at least ten-days' notice to the petitioner who presented the probated instrument if he has not requested probate of the later will or codicil, shall have the power to open the probate record, receive proof of the later instrument or instruments and amend his probate record.

20 Pa.C.S.A. § 3138.

Here, the orphans' court concluded that section 3138 exclusively controls the circumstance where another will is submitted for probate after a prior will has already been probated. Trial Court Opinion, 5/16/22, at 2. Because Ruhlman submitted the 2000 Will more than 3 months after decedent's death, outside the timeframe set forth in section 3138, the court concluded that Ruhlman's petition was untimely and denied probate of the

2000 Will. The court viewed the deadline as a "hard" or jurisdictional deadline which precluded it from acting despite the Decedent's intent. It further found that there were no extraordinary circumstances present in the case to justify probate of the 2000 Will. *Id.* at 3.

In making its decision, the orphans' court relied upon this Court's decision in *In re Estate of Peles*, 739 A.2d 1071 (Pa. Super. 1999). In that case, Mary Peles' 1958 will was probated shortly after her death on May 14, 1997. Subsequently, a 1971 codicil was discovered. Fourteen months after Peles died and thirteen months after the 1958 will was probated, a petition to probate the 1971 codicil was submitted to the register. The register deemed the petition untimely pursuant to section 3138 and denied admission of the codicil to probate. Two months later, petitioners appealed to the orphans' court, which affirmed the register's decision.

On appeal to this Court, the petitioners argued that the time limitations in sections 3138 and 908 should be liberally construed to effectuate the intent of the decedent. We rejected this argument and concluded that, because the petition was submitted to the register more than 3 months after the death of the decedent, the register was bound by the time limit of section 3138 and could not open the probate record to admit the later codicil. We therefore affirmed the orphans' court's decision denying probate of the after-discovered will. We further noted:

> The one-year period for an appeal from probate of a will, provided in Section 908 of the Probate Code, does not govern the time period in which to submit a later codicil for probate. The three-

month time limit applicable to submission of a later will or codicil is found in Section 3138 of the Probate Code. In the instant case, Appellants' appeal to the trial court from the decree of the Register, denying probate of the later codicil, was timely under Section 908, as it was filed within one year of the decree. However, Appellants have failed to explain their initial fourteen months' delay in submitting the codicil for probate. Although their appeal may have been timely, Appellants' initial submission of the later codicil was not timely.

*Id.* at 1074 n. 5.

Following the **Peles** decision, the Legislature amended section 908 in 2006. In the Comment to the amended statute, the Legislature explained:

The addition of the phrase "seeking to challenge the probate of a will" in subsection (a) is designed to preserve the intent of the original enactments of this section and § 3138, which was to provide parties in interest with a way to challenge a will that had already been probated by the register, ***including the ability to offer a later will or codicil even though the period for the register to amend the record under § 3138 has expired***. The assertion in footnote five of ***In re Estate of Peles***, 739 A.2d 1071, 1074 (Pa. Super. 1999) that this section 'does not govern the time period in which to submit a later codicil for probate' was inconsistent with the intent of this section and § 3138, ***which set forth alternative and not exclusionary procedures***. It brought an unintended result in ***Schrader Will***, 21 Fiduc. Rep. 2d 197-98 (Orphans' Ct. Div., Bradford Ct. Com. Pl. 2001). Therefore, the addition of the phrase is intended explicitly to overrule the holding in ***Schrader Will*** regarding such interpretation of this section. ***Section 3138 was originally enacted as an additional remedy to the process under § 908***. A petitioner who seeks to amend or challenge a probated will may under § 3138 submit a later will or codicil directly to the register within three months of the testator's death. ***If the petitioner cannot meet the three-month deadline, the later will or codicil may still be admitted if the one-year statute of limitations period under § 908 has not yet expired***.

20 Pa.C.S.A. § 908 Joint State Government Commission Comments—2005 (emphasis added).

The Commonwealth, appearing *parens patriae* on behalf of St. Paul Homes, claims that this amendment did not displace **Peles**. It argues that "the text of [a] statute shall control in the event of a conflict between its text and [any] comments or report" submitted by a committee involved in the drafting of its provision citing the Statutory Construction Act. It further claims that a will must first be presented to the register for review before appealing to the orphans' court; otherwise, it constitutes an impermissible collateral attack. Additionally, the Commonwealth argues that this Court is required to give effect to both "a general provision in a statute" and "a special provision in the same or another statute" if the two appear to conflict. According to the Commonwealth, the **Peles** court accomplished this, by recognizing that section 908 and 3138 address different issues. Commonwealth's Brief at 20-21. We disagree.

Resolution of this matter involves statutory interpretation. Statutory interpretation is a question of law therefore our standard of review is *de novo,* and our scope of review is plenary. **Commonwealth v. Hall**, 80 A.3d 1204, 1211 (Pa. 2013). "In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S.A. § 1501 **et seq.**, which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General

Assembly." ***Commonwealth v. McCoy***, 962 A.2d 1160, 1166 (Pa. 2009) (citation omitted).

Generally, a statute's plain language provides the best indication of legislative intent. ***Id.*** We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Hall***, 80 A.3d at 1211.

Where, however, there is a conflict or ambiguity, we may resort to the tools of statutory construction. ***See Oliver v. City of Pittsburgh***, 11 A.3d 960, 965 (Pa. 2011). In so doing, we keep in mind that such tools are used as an aid in uncovering the intent of the Legislature, which is always the objective in matters of statutory construction. ***See Commonwealth v. Baker***, 690 A.2d 164, 167 (Pa. 1997). When interpreting or applying a statute, it is appropriate to consider official comments. 1 Pa.C.S.A. § 1939; ***Young v. Kaye***, 279 A.2d 759 (Pa. 1971). ***Lessner v. Rubinson***, 592 A.2d 678, 680 (Pa. 1991). Furthermore, when interpreting a statute, we must presume that the Legislature did not intend to produce "an absurd or unreasonable result." ***See***, ***e.g.***, ***Raymond v. Raymond***, 279 A.3d 620, 630 (Pa. Super. 2022) (citing 1 Pa.C.S.A. § 1921(c)) (further citation omitted).

However, before considering the intent of section 908 and its interplay with section 3138, a brief history of the statutes and estate law is helpful to our analysis of this case.

Prior to 1967, the register of wills had no power to revoke the probate of a will, *i.e.*, the initial act undertaken to establish a document as a decedent's valid will. Notably, the register's act of probate constituted an adjudication or judgment that the document submitted was the last will of a decedent. The only procedure for attacking the validity of a will was to appeal from probate to the orphans' court. ***In re Sebik's Estate***, 150 A. 101 (Pa. 1930); ***see also Mangold v. Neuman***, 91 A.2d 904, 905 (Pa. 1952) (stating it is well settled that the only procedure for attacking the validity of a will or codicil is by an appeal from probate). Thus, once the register probated a will or codicil, no other document could be probated unless the probated will was set aside by the orphans' court on appeal; the register did not have that authority. For many years, this was the only procedure to challenge a probated will.

In 1967, the Legislature enacted section 308 of the Register of Wills Act, 1967, Oct. 9, P.L. 417 § 2, the predecessor of section 3138, to provide an additional procedure for probating a later-discovered will or codicil. In limited circumstances, the Legislature authorized a register to open the probate record and set aside a probated will. Critically, a challenge at the register of wills must occur within 3 months of the decedent's death, and the register must give at least 10 days' notice to the petitioner who probated the first will (if it was a different person) prior to amending the probate record.

Notwithstanding this newly enacted statute, the procedure that existed for years under section 908 and caselaw remained, *i.e.*, an appeal within one year to the orphans' court to set aside a probated will.

Recognizing the misapplication of section 908 and 3138 after the **Peles** decision, the Legislature then amended section 908. It added to existing language regarding appeals to the orphans' court that an interested party "seeking to challenge the probate of a will" could appeal to the orphans' court. Thus, the plain language of the statute clearly permits an individual seeking to challenge a document already probated by the register to appeal to the orphans' court within the time prescribed, namely within one year of the decree. The additional language clarifies that the appeal process in section 908 may still be used as a means to challenge a probated will or codicil contrary to **Peles**, and in addition to the procedure set forth in section 3138.[2]

The Comment to section 908 confirms this and clearly explains the Legislature's intent behind the 2006 amendment, which is consistent with the body of the statute and prior law as explained above. Specifically, the Comment indicates that the General Assembly intended to change existing

---

[2] The applicability of **Peles** to this case is questionable for two reasons. First, at the time of **Peles**, section 908 did not include this additional language. Thus, the **Peles** court did not consider the same version of section 908. Second, we observe that the footnote in **Peles** is *dicta*. The only issue before the **Peles** court was whether the later-discovered codicil, which was found 14 months after the original will was probated, was submitted timely to the register. **Peles** did not consider whether a later-discovered codicil or will, which was found within the one-year time period from the time the original will was probated, could be submitted to the orphans' court for approval.

caselaw which precluded a petitioner from submitting a later-discovered will or codicil to probate if it was not submitted to the register within three months of the decedent's death. It further explained that section 3138 is not an exclusive procedure but rather was enacted to provide an alternative method for having a later-discovered will or codicil probated. As such, the Comment specifically provides that a later-discovered will or codicil may be submitted directly to the orphans' court for probate so long as it is presented within a year of the previously probated will.

Our interpretation adheres to the rules of statutory construction, which allows us to consider the Comment to the statute. Contrary to the Commonwealth's argument, the statute and comment do not conflict. Indeed, we would be remiss to ignore such a blatant statement of the Legislature's intent. When the General Assembly acts to make clear that a court's interpretation is inconsistent with its legislative intent, we should follow the guidance of the Legislature and, where possible, amend earlier erroneous interpretations. *See Commonwealth v. Lassiter*, 722 A.2d 657, 661 n. 3 (Pa. 1998) ("actions undertaken in subsequent sessions of the Legislature are relevant in interpreting a statute which was passed in a previous session of the Legislature.").

Further, we would reach an "unreasonable result," which the rules require us to avoid, if we read section 908 in a way that prevents the clear intent of a decedent from being realized. It is logical that the Legislature did not intend to severely shorten the time in which an interested party could

- 11 -

present an after-discovered will or codicil for probate when it enacted section 3138, an alternative means to probate a second will or codicil. It also makes sense that the Legislature would limit the time frame for the register to set aside a previously probated will (*i.e.*, 3 months) and keep greater authority with the orphans' court to do so (*i.e.*, 1 year) given the foregoing history.[3]

Consequently, we conclude that an interested party, pursuant to section 908 of the Probate Code, may present a later-discovered will or codicil directly to the orphans' court for probate as an appeal to set aside a prior will, as long as the petition is filed within a year of the original probate. Based upon our interpretation of the relevant statutes, we further conclude that the orphans' court erred in applying section 3138 of the Probate Code instead of section 908 in this case when it denied Ruhlman's request to probate the 2000 Will. Decedent's 1990 Will was probated on February 4, 2022, and Ruhlman filed her petition seeking probate of the 2000 Will on April 5, 2022. This filing was well within the one-year time frame set forth in section 908. Accordingly, we reverse the orphans' court's order denying Ruhlman's request to probate Decedent's 2000 Will and remand to the orphans' court for further proceedings in accordance with this opinion.

_____

[3] We note that this procedure is comparable to the procedure relating to default judgments. Initially, a default judgment may be entered by the prothonotary after the requisite 10-day notice is given. However, in order to have it opened, a petition must be presented to the court; the matter is not reconsidered and resolved by the prothonotary, but instead, such petition must be presented to the court of common pleas.

Order reversed.  Remanded with instructions.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/16/2023