J-S46013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF KATHRYN S. MCLEOD, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| APPEAL OF: JOAN Y. SUMMY-LONG AND JANICE FAUST | |
| | No. 1960 MDA 2016 |

Appeal from the Order Entered November 3, 2016
In the Court of Common Pleas of Dauphin County
Orphans' Court at No(s): 22150133

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                          **FILED JULY 31, 2017**

Joan Y. Summy-Long and Janice Faust appeal from the November 3, 2016 order dismissing their appeal from the probate of a will.  We affirm.

Kathryn S. McLeod died testate on December 18, 2014.  On February 9, 2015, the Register of Wills and Clerk of the Orphans' Court of Dauphin Court ("Register of Wills") probated an instrument dated February 19, 2004, as decedent's last will and testament and granted letters testamentary to Nancy McLeod O'Brien, Ms. McLeod's stepdaughter.  Appellants were decedent's nieces.  The residuary estate was left to the Kathryn S. McLeod Trust dated February 19, 2004.

---

* Former Justice specially assigned to the Superior Court.

The February 19, 2004 trust, which constituted a complete restatement of a trust agreement dated July 27, 2001, was a living will whereby Ms. McLeod appointed herself as trustee and retained a life estate. Upon Ms. McLeod's death, the settlor's two stepdaughters, the executrix Nancy McLeod O'Brien and Jean McLeod Croft, were appointed as successor co-trustees, and, after some specific bequests, Ms. McLeod distributed the remaining ninety percent of the trust's assets to the two stepdaughters. Appellants each received five percent of the remainder of the trust assets.

After an attorney had entered an appearance on their behalf, Appellants filed a *pro se* document, which was directed to the Register of Wills and indicated that it was being filed to "meet the required legal deadline of being within one year of probation of the Will and is under consultation with attorneys at this time." Request to Register of Wills, 2/8/16, at 1. There is no indication that the document was served on the executrix. The filing in question did not raise any issues as to the validity of the will or trust nor did it suggest that the decedent lacked the capacity or was unduly influenced to execute those February 19, 2004 documents.

Instead, Appellants averred that there was tortious interference with their inheritance, and they sought subpoenas in order to obtain answers to "questions regarding the entirety of Kathryn McLeod's assets" as well as the disposition of assets held in 1992, 1997, and 1999 trusts created by the

decedent. On March 9, 2016, the orphans' court dismissed the untitled document.

On March 17, 2016, counsel for Appellants filed a Petition to Contest Probated Will and Trust Agreement. That petition sought discovery to determine whether all of the decedent's assets had been located and whether decedent had executed a will and trust after February 19, 2004. Appellants also requested copies of any trusts that the decedent executed prior to 2001.

The executrix filed preliminary objections to the Petition to Contest Probated Will and Trust Agreement, alleging that it was untimely, did not state a cause of action in that it did not contain any challenges to the validity of the February 19, 2004 will and trust, and was incapable of being answered. As to the latter averment, the executrix noted that the Petition to Contest Probated Will and Trust Agreement referred to wills and/or trusts that were supposedly executed after 2004, but that the document failed to apprise her of any facts that would enable her to locate testamentary dispositions signed after 2004. The executrix also set forth that, even though Appellant Summy-Long was the decedent's power of attorney for the twenty-five years preceding her death, Appellants did not list any assets that should have been, but were not, included in either the trust copus or the estate.

After Appellants filed preliminary objections to the executrix's preliminary objections, the orphans' court entertained oral argument on October 17, 2016. On November 3, 2016, it dismissed Appellants' preliminary objections, granted the executrix's preliminary objections, and dismissed with prejudice Appellants' Petition to Contest Probated Will and Trust Agreement. The orphans' court concluded that the appeal from probate was untimely under 20 Pa.C.S. § 908(a), which is set forth *infra*, and that the petition failed to state a claim that actually contested the validity of the will or trust.

Appellants filed this appeal from the November 3, 2016 order, and raise these issues:

> A. Whether the trial court abused its discretion and committed an error of law in finding that Petitioners had not properly raised a claim of fraud on the Register of Wills.
>
> B. Whether the trial court abused its discretion and denied to Petitioners their procedural due process rights by permitting the Executrix to raise a statute of limitations defense/argument in the context of preliminary objections and then failing to permit Petitioners to address the jurisdictional argument in a subsequent filing.

Appellants' brief at 4.[1]

_____

[1] The order in question is a final order as it denied a petition that purported to challenge the validity of the probated will and a trust in this matter. Pa.R.A.P. 342 (a)(2) ("An appeal may be taken as of right from the following orders of the Orphans' Court Division: . . . An order determining the validity of a will or trust[.]").

Our standard of review in this matter is as follows:

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa.Super. 2016) (citations and quotation marks omitted).

Section 908 of the Probate, Estates, and Fiduciaries Code provides that any "party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register . . . may appeal therefrom to the [orphans'] court within one year of the decree." 20 Pa.C.S. § 908(a). We note that: "[I]n matters of probate, the expiration of the statutory time limitations generally bars probate of a later will or codicil." *In re Estate of Peles*, 739 A.2d 1071, 1074 (Pa.Super. 1999); *Dempsey v. Figura*, 542 A.2d 1388 (Pa.Super. 1988). Decedent's will was probated on February 9, 2015, and Appellants filed their appeal from probate on March 17, 2016, which is one month late under § 908. There is one exception to the one-year time bar of § 908, which applies when there is an allegation that the probate of the will in question was procured by a fraud perpetrated on the register of wills. *Dempsey*, *supra*.

- 5 -

Appellants do not dispute that their "Petition was filed more than one year after the granting of letters testamentary on February 9, 2015," but they maintain that they "adequately alleged the existence of fraud on the Register of Wills." Appellants' brief at 9. On appeal, their position is that the "fraud they are alleging stems from the Executrix's failure to include between $1,000,000 - $2,000,000 in assets of the Estate. This was based upon Petitioner Summy-Long's personal knowledge[.]" *Id*. at 12.

Appellants' averment thus is that there is certain property owned by the decedent that has not been included in the estate and/or trust assets. This position is unrelated to whether the trust and will were properly executed. It likewise does not suggest either that the decedent lacked testamentary capacity on February 19, 2004, or that she was subject to undue influence at that time. The averment simply does not raise any valid challenge to the probate of the will or the integrity of the will or trust, much less the existence of fraud perpetrated on the register of wills during probate.

The only documented instance where an untimely appeal from probate has been entertained is when there was an averment that the probated will was forged. *See In re Kirkander's Estate*, 415 A.2d 26 (Pa. 1980); *In re Culbertson's Estate*, 152 A. 540 (Pa. 1930). Appellants' position raises the specter of fraud upon **them**, but not upon the Register of Wills in connection with its decision to probate the document in question as the last will and

testament of Ms. McLeod. Appellants did not aver forgery, that the document was procured by duress, or that, on February 19, 2004, the decedent was an incapacitated person incapable of executing a legal document. In fact, Appellants do not understand that the failure of the executrix or the co-trustees to account for assets actually owned by the decedent can be raised by objections to their accounts. Appellants also have no inkling of how to conduct discovery, which is **not** by means of filing an appeal from the probate of a will. Hence, the orphans' court did not abuse its discretion in concluding that § 908 applied and that Appellants had failed to state a valid cause of action in their Petition To Contest Probated Will and Trust Agreement.

Appellants' second averment is two-fold. They first maintain that the bar of § 908, being a statute of limitations defense, should have been raised in an answer to their petition and as new matter rather than through means of preliminary objections. *See* Pa.R.C.P. 1030 (affirmative defenses, which include statute of limitations, must be pled in a responsive pleading under new matter). The orphans' court construed § 908 as pertaining to subject matter jurisdiction rather one imposing a statute of limitations, and it ruled that it could properly be raised in preliminary objections Pa.R.C.P. 1028(a)(1) (preliminary objections may be filed based upon "lack of jurisdiction over the subject matter of the action or the person of the defendant[.]").

We are constrained to disagree with the orphans' court's analysis of the question. "It is hornbook law that as a pure question of law, the standard of review in determining whether a trial court has subject matter jurisdiction is *de novo* and the scope of review is plenary." **Grimm v. Grimm**, 149 A.3d 77, 82 (Pa.Super. 2016). The question of subject matter jurisdiction "relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs." **Id**. at 83 (citation omitted). The orphans' court had subject matter jurisdiction over whether the Register of Wills properly probated the document in question as the last will and testament of the decedent and whether the trust was valid. 20 Pa.C.S. § 711 (1), (3), and (18) (the orphans' court division has mandatory jurisdiction over the administration and distribution of decedents' estates, the administration and distribution of property of *inter vivos* trusts, and appeals from the registers of wills). We also note that the stricture of § 908 is typically referred to as a statute of limitations. **See Demsey**, **supra** at 1390 ("The applicable Statute of Limitation for an appeal from the probate of a will is one year. 20 Pa.C.S. [§] 908*.*").

We nevertheless will not reverse and remand to the orphans' court merely because it entertained this issue by means of preliminary objections rather than as a new matter. We apply the reasoning set forth in **Cooper v.**

*Downingtown Sch. Dist.*, 357 A.2d 619, 621 (Pa.Super. 1976) (citations and footnotes omitted):

> Although the issue of the expiration of the statute of limitations is properly raised under new matter, rather than by preliminary objection, we will reach the merits at this time, in the interests of judicial economy, for two reasons. First, it was briefed, argued, and considered in the lower court. Secondly, once the statute of limitations is raised in new matter, appellee's right to a judgment on the pleadings, based on the statute of limitations, will be clear. Therefore, we see no reason to remand this case for further pleadings.

In the present case, application of the one-year time bar set forth in § 908 was argued and considered in the orphans' court. It was raised in Appellants' brief in opposition to the executrix's preliminary objections, and at oral argument. Furthermore, not only was Appellants' petition untimely, it did not contain valid grounds for relief in that it raised no challenge to the validity of the probated will or trust.

On appeal, Appellants contend that property owned by the decedent is purportedly not being included in the estate and/or trust assets. The petition was properly dismissed because it was untimely and because it did not raise any challenge that would provide grounds for voiding either the probate of the February 19, 2004 will or the trust. There is no need to remand this matter and waste judicial resources when the outcome would be the same.

Subpart two of Appellants' second position on appeal is that they "should have been granted an opportunity to address the statute of

limitations argument on a substantive basis following the denial of their preliminary objection. To refuse to do so violated their procedural due process rights." Appellants' brief at 14. As our Supreme Court observed in **Commonwealth v. Turner**, 80 A.3d 754, 764 (Pa. 2013), "In terms of procedural due process, government is prohibited from depriving individuals of life, liberty, or property, unless it provides the process that is due. . . . [T]he basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case."

Herein, Appellants were notified of the § 908 time bar to their petition when the executrix filed preliminary objections. They filed a brief on the question. At oral argument held on October 17, 2016, Appellants raised arguments to refute the executrix's invocation of § 908. N.T., 10/17/16, at 9-10, 14-15. Additionally, the orphans' court specifically entertained their position that their appeal from probate was timely under the fraud exception to § 908. Trial Court Opinion, 11/3/16, at 2. Hence, we conclude that Appellants had both notice of the § 908 matter and an opportunity to be heard as to whether it applied. The orphans' court was fair and impartial. There was no violation of procedural due process presented in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/2017